THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DR. WILLIAM P. GRESS, on behalf of himself and a class, | ) ) ) | |
| Plaintiff, | ) ) | 13 C 936 |
| v. | ) ) | Judge Coleman |
| | ) | Magistrate Judge Cox |
| SECURITYMETRICS, INC., and JOHN DOES 1-10, | ) ) ) | |
| Defendants. | ) | |

## ORDER FINALLY APPROVING THE SETTLEMENT

On April 4, 2014, this Court entered an order granting preliminary approval (the "Preliminary Approval Order") of the settlement between Plaintiff, on his own behalf and on behalf of the Settlement Class (as defined below), and Defendant, as memorialized in the Settlement Agreement (the "Settlement Agreement").

On July 14, 2014, the Court held a fairness hearing (the "Fairness Hearing"), for which members of the Settlement Class had been given appropriate notice and were invited, including those with any objections. An opportunity to be heard was given to all persons requesting to be heard in accordance with the Preliminary Approval Order. No persons appeared in Court seeking to address the proposed settlement. Having considered the Parties' Settlement Agreement, Plaintiff's Memorandum in Support of Final Approval of the Class Action Settlement and all other evidence submitted,

**IT IS HEREBY ORDERED THAT:**

1. This Court has jurisdiction over Plaintiff, Defendant, members of the Settlement Class, and the claims asserted in the Litigation.

2. The Settlement Agreement was entered into in good faith following arm's length negotiations and is non-collusive.

3. This Court grants final approval of the Settlement Agreement, including but not limited to the releases in the Settlement Agreement, and finds that it is in all respects fair, reasonable, and in the best interest of the Settlement Class. Therefore, all members of the Settlement Class who have not opted out are bound by this Order Finally Approving the Settlement and the Settlement Agreement.

### Class Certification

4. The previously certified class (the "Settlement Class") is now finally certified pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3):

> All persons and entities with fax numbers who during the period February 5, 2009 to February 28, 2013, were sent faxes by or on behalf of SecurityMetrics, Inc. which contained the letterhead or logo of NCMIC Financial Corporation, and which referred to or promoted the goods or services of SecurityMetrics, which do not contain an opt out notice as described in 47 U.S.C. § 227 (the "Settlement Class").

5. The Court finds that certification solely for purposes of settlement is appropriate in that (a) the class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the class that predominate over any questions affecting only individual class members; (c) Plaintiff's claims are typical of the claims of the class; (d) Plaintiff will fairly and adequately protect the interests of the class; (e) Edelman, Combs, Latturner & Goodwin, LLC is adequate class counsel; and (f) a class action is the superior method for the fair and efficient adjudication of this controversy.

6. Dr. William P. Gress is designated as representative of the Settlement Class.

7. Daniel A. Edelman and Heather Kolbus of Edelman, Combs, Latturner and Goodwin, LLC are appointed as Class Counsel.

### Class Notice

8. The Class Notice (as described in the Settlement Agreement) fully complies with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the

best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of the Action. The Court has approved the forms of notice to the Settlement Class.

9. With respect to the Settlement Class, this Court finds that certification is appropriate under Federal Rule of Civil Procedure 23(a) and (b)(3). Notice was given by facsimile to each Settlement Class Member who was identified on the Fax List. Settlement Class Counsel also posted the Settlement Agreement (without exhibits) and Notice on their firm's website, www.edcombs.com. The Class Notice, Claim Form, Preliminary Approval Order, and Settlement Agreement (without exhibits) were also posted on www.class-settlement.com. These forms of Class Notice fully comply with the requirements of Rule 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and are due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit. A total of 180 valid and timely claim forms accounting for 593 facsimile transmissions were submitted.

## Objections and Opt-Outs

10. No objections were filed by Class Members.

11. Haleola Chiropractic, Inc. of Portland, OR, has validly requested exclusion from the Settlement Class and is hereby excluded from the Settlement Class. (*Dkt. No. 62*)

## Class Compensation

12. In accordance with the terms of the Settlement Agreement, Defendant shall pay $450,000 for the Settlement Fund, less any costs advanced for notice and administrative expenses to Plaintiff's Counsel pursuant to the procedures set forth in the Settlement Agreement. Defendant has advanced $3,400 from the Settlement Fund for costs of notice and administration. Therefore, Defendant shall pay the remaining $446,600 of the Settlement Fund pursuant to the procedures set forth in the Settlement Agreement.

### Releases

13. Upon entry of this Order Finally Approving the Settlement, Plaintiff and each Settlement Class member shall be deemed to have granted the releases set forth in the Settlement Agreement.

### Award of Attorneys' Fees, Costs, and Incentive Award

14. The Court has considered Class Counsel's application for attorneys' fees. The Court awards Class Counsel the sum of $148,500 as an award of attorney's fees to be paid from the Settlement Fund within 14 days of the Effective Date, and finds this amount of fees is fair and reasonable. Any costs advanced by SecurityMetrics from the Settlement Fund for notice and administrative expenses are not reimbursed.

15. The Court grants Class Counsel's request for an incentive award to the class representative and awards $8,000 to Dr. William P. Gress. The Court finds that this payment is justified by the Class Representative's service to the Settlement Class. This payment shall be made from the Settlement Fund within 14 days of the Effective Date.

### Other Provisions

16. The Parties to the Settlement Agreement shall carry out their respective obligations thereunder.

17. Neither the Settlement Agreement, the Preliminary Approval Order, this Order Finally Approving the Settlement, nor any of their provisions, nor any of the documents (including but not limited to drafts of the Settlement Agreement, the Preliminary Approval Order, Order Finally Approving the Settlement), negotiations, or proceedings relating in any way to the settlement, shall be construed as or deemed to be evidence of an admission or concession of any kind by any person, including Defendant, and shall not be offered or received in evidence

in this or any other action or proceeding except in an action brought to enforce the terms of the Settlement Agreement or except as may be required by law or court order.

18. The Court orders Defendant's Counsel or their agent to deliver the Settlement Fund to the Client Trust Account of Class Counsel, within three business days of the Effective Date as that term is defined in the Settlement Agreement.

19. The Court orders the parties to report on the amount of any uncashed Settlement Checks issued to Settlement Class members or any undistributed settlement funds on or before December 19, 2014, so it can determine whether any remaining funds are either: (a) returned to Defendant; and/or (2) paid to a *cy pres* recipient(s).

20. Class Counsel or the Class Administrator shall file an affidavit of final accounting of the settlement by December 19, 2014. A supplemental accounting affidavit may be necessary.

21. Class Counsel are authorized to retain Class-Settlement.com, PO Box 9009, Hicksville, NY 11802-9009, as the Class Administrator to make claim payments and issue and collect W-9 forms.

22. Within 14 days of entry of this Order, the Class Administrator shall send a letter and W-9 forms to the Settlement Class members who are entitled to recover more than $599.99, explaining they are required to submit a W-9 form to the Class Administrator within 30 days of the date of the letter if they wish to receive more than $599.99. Settlement Class members to whom such letters are issued shall have 30 days after the date the letter was sent to respond and submit a completed a W-9 form to the Class Administrator. Submission of a W-9 form is a condition precedent to receiving a settlement check in excess of $599.99. A Settlement Class member who is entitled to recover more than $599.99 and who fails to timely submit a completed and valid W-9 form, shall be deemed to have waived their claim to recover more than $599.99 and the maximum amount such Settlement Class member may recover is $599.99.

23. Within 30 days following the expiration of time for Class Members to complete a W-9 form, the Class Administrator shall distribute the Settlement Fund to the Settlement Class members who have submitted valid claims.

24. The Court hereby dismisses this Action against Defendant with prejudice and without costs, and the releases specified in the Settlement Agreement are hereby approved and the claims released pursuant to those provisions are released and discharged as of the Effective Date as defined in the Settlement Agreement. The Parties are ordered to take all necessary actions to complete the settlement in accordance with the Settlement Agreement and shall comply with the terms of the Settlement Agreement.


ENTER:

Dated: _July 15, 2014_____

United States District Judge